# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

IGNACIO DeALBA,

Defendant(s).

2:12-CR-79 JCM (PAL)

**ORDER**

Presently before the court is the report and recommendation of Magistrate Judge Peggy Leen (doc. # 32) regarding defendant Ignacio DeAlba's motion to suppress (doc. # 21). Defendant filed an objection to the report and recommendation (doc. # 37), and the government filed a reply (doc. # 38).

**I.  Background**

The incident arises out of a traffic stop and arrest by officers of the Las Vegas Metropolitan Police Department. On March 2, 2012, Officer Turner performed a traffic stop of a black Nissan with its rear license plate displayed upside down in violation of Nev. Rev. Stat. § 482.257(4). The statute requires a license plate to be securely fastened and maintained in a condition to be clearly legible. *Id*.

During the traffic stop, Officer Turner completed a records check on the license plate and dispatch informed Officer Turner that the license plate was reported stolen. Officer Turner then conducted a records check of both defendant, Ignacio DeAlba, and the passenger of the car. Records

revealed that defendant was a convicted felon and the passenger had outstanding warrants for traffic-related offenses. Officer Turner placed defendant and the passenger under arrest and read them their Miranda rights. Defendant waived his right to remain silent and consented to a search of his car. During a search of the car, police found two guns.

On March 13, 2012, a grand jury returned an indictment charging defendant with felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). On July 25, 2012, defendant filed a motion to suppress. (Doc. # 21). Defendant argued that Officer Turner lacked reasonable suspicion to stop defendant's car because Officer Turner was mistaken about Nevada law, *i.e.*, mistakenly thinking that a license plate displayed upside down was a violation of state law. Thus, defendant argues that all tangible and testimonial evidence derived from the unlawful search must be suppressed as tainted fruit of a Fourth Amendment violation.

The government responded. (Doc. # 23). The government argued that Officer Turner conducted a valid traffic stop based on reasonable suspicion. That is, Officer Turner had reasonable suspicion to conduct a traffic stop because the car's rear license plate was displayed upside down in violation of NRS § 482.257(4). The government did not provide Nevada case law to supports its proposition. Instead the government relied on a California appellate case that construed a nearly identical statute to that at issue here. In *People v. Duncan*, 160 Cal.App.4th 1014, 1019 (2008), a driver challenged the validity of a traffic stop on the same grounds raised by defendant in his motion to suppress, *i.e.*, a license plate displayed upside down was not a violation of state law. The California appellate court concluded that a license plate displayed upside down violated California Vehicle Code § 5201.

Defendant's reply reiterates the arguments made in defendant's motion. That is, reasonable suspicion may not be based on a mistaken impression of law, and that displaying an upside down license plate is not a violation of the law Officer Turner relied on when making the traffic stop. And because the stop was not based on reasonable suspicion, all tangible and testimonial evidence derived from the stop must be suppressed under the fruit of the poisonous tree doctrine.

1    The magistrate judge found the *Duncan* court's reasoning compelling. The magistrate judge further found that NRS § 482.257(4) was not ambiguous and thus the rule of lenity did not apply. *See United States v. Santos*, 553 U.S. 507, 517 (2008) (superseded by statute on other grounds). Thus, the magistrate judge recommended that the district court deny defendant's motion to suppress on the grounds that the officer had reasonable suspicion to perform the traffic stop because displaying a license plate upside down is in violation of NRS § 482.257(4).

## II.     Legal standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. LCR IB 3–2. Upon the filing of such objections, the district court must make a de novo determination of those portions of the report to which objections are made. *Id.* The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); D. Nev. IB 3–2(b). However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination' "). Rather, a hearing is required only when the district court "reject[s] a magistrate judge's credibility findings made after a hearing on a motion to suppress." *United States v. Ridgway*, 300 F.3d 1153, 1154 (9th Cir. 2002).

## III.    Discussion

The court limits its analysis to a de novo review of the portions of the report to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B). Defendant's objections to the report are the same arguments defendant presented in his motion to suppress. Defendant argues that an upside down license plate is not a violation of Nevada law because an upside down license plate is still visible and legible. (Doc. # 37). Thus, Officer Turner's mistake of law does not justify stopping defendant's car and therefore all tangible and testimonial evidence derived from the unlawful search

must be suppressed as tainted fruit of a Fourth Amendment violation.

### A. Statutory analysis

The Nevada law regarding placement of license plates reads:

> Every license plate must at all times be securely fastened to the vehicle to which it is assigned so as to prevent the plate from swinging and at a height not less than 12 inches from the ground, measuring from the bottom of such plate, in a place and position to be clearly visible, and must be maintained free from foreign materials and in a condition to be *clearly legible*.

NRS § 482.275(4) (2011) (emphasis added).

The Nevada Supreme Court has not specified whether displaying a license plate upside down violates NRS § 482.275(4). "Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007) (quotation omitted). "In answering that question, this court looks for 'guidance' to decisions by intermediate appellate courts of the state and by courts in other jurisdictions." *Id.* (quotation omitted). The court looks to Nevada rules of statutory interpretation to determine the meaning of a Nevada statute. *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 527 (9th Cir. 2001).

### I. Guidance from appellate courts in other jurisdictions

The government has not provided Nevada case law on the issue and the court is not aware of any Nevada cases that address this issue. Therefore, the court turns to guidance from an appellate court in another jurisdiction.

In *People v. Duncan*, the California appellate court was presented with the same argument made by defendant and at issue here. *See* 160 Cal.App.4th 1014.[1] In analyzing the issue, the *Duncan* court applied California law governing interpretation of a license plate display statute under applicable California law. The court looked to the words of the statute, giving the words their ususal and ordinary meaning. *Id.* at 1019. The court relied on dictionary definitions to conclude that the

---

[1] The statute at issue before the *Duncan* court read: "License plates shall at all times be securely fastened to the vehicle for which they are issued so as to prevent the plates from swinging, shall be mounted in a position so as to be clearly visible, and so that the characters are upright and display from left to right, and shall be maintained in a condition so as to be *clearly legible* . . . ." Cal. Veh. Code § 5201 (2011) (emphasis added).

James C. Mahan
U.S. District Judge

- 4 -

words "clearly legible" were not ambiguous and that it was "intended for the information on the license plate to be read with ease and without doubt or mistake." *Id.* The court concluded that "it would be a violation of the statute to mount the license plate upside down, which would make the plate more difficult or confusing to read." *Id.*

The court finds the reasoning of the *Duncan* court persuasive; however, the court goes on to apply Nevada statutory rules of interpretation in analyzing NRS § 482.275.

### ii. Nevada statutory rules of interpretation

Where a statute is unambiguous, the court does not look beyond the statute's plain language. *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 148 P.3d 790, 793 (2006) (en banc). It is a fundamental principal of statutory construction that if a statute does not define words, they will be interpreted according to their ordinary, contemporary, and common meaning. *Perrin v. United States*, 444 U.S. 37, 42 (1979).

NRS § 482.275(4) does not define the phrase "clearly legible." As such, the court turns to the ordinary use of these words as defined in the dictionary. "Clearly" is defined as "in such a way as to allow easy and accurate perception or interpretation." Oxford Dictionaries (2012). "Legible" is defined as "clear enough to read." *Id.*

Provided that Nevada follows the plain language of unambiguous statutes and based on the ordinary meaning of the words "clearly" and "legible," the court anticipates that the Nevada Supreme Court would resolve this issue by concluding that the statute requires that a license plate be read easily and accurately. Thus, the court finds that it is a violation of NRS § 482.275(4) to display a license plate upside down, which makes the information on the plate more difficult or confusing to read.

### B. Motion to suppress

The Fourth Amendment prohibition against unreasonable searches and seizures extends to an investigatory stop of a vehicle. *United States v. Sigmond-Ballesteros*, 247 F.3d 943, 946 (9th Cir. 2001). An officer making an investigatory stop of a vehicle "must have at least reasonable suspicion of criminal misconduct before detaining a driver." *United States v. Rojas-Millan*, 234 F.3d 464, 468

(9th Cir. 2000). Reasonable suspicion is defined as "specific, articulable facts which, together with objective and reasonable inferences, form a basis as suspecting that the particular person detained is engaged in criminal activity." *Rojas-Millan*, 234 F.3d at 468-69. If an officer does not have reasonable suspicion to conduct a traffic stop, it violates the Fourth Amendment, and any evidence obtained as a result of the stop must be suppressed as the fruit of the poisonous tree. *United States v. Thomas*, 211 F.3d 1186, 1192 (9th Cir. 2000).

As stated, the court finds that displaying a license plate upside down is not "clearly legible" and therefore violates NRS § 482.275(4). Thus, the court finds that the officer had reasonable suspicion to conduct a traffic stop and any tangible or testimony evidence derived from the stop need not be suppressed under the fruit of the poisonous tree doctrine.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Peggy Leen (doc. # 32) regarding defendant Ignacio DeAlba's motion to suppress (doc. # 21) be, and the same hereby is, ADOPTED in its entirety, to the extent that it is not inconsistent with this order.

IT IS FURTHER ORDERED that defendant Ignacio DeAlba's motion to suppress (doc. # 21) be, and the same hereby is, DENIED.

DATED October 24, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -