**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-CR-79 JCM (PAL) |
| Plaintiff(s), | |
| v. | |
| IGNACIO DeALBA, | |
| Defendant(s). | |

**ORDER**

Presently before the court is the report and recommendation of Magistrate Judge Leen (doc. # 53), denying defendant Ignacio DeAlba's motion to suppress evidence (doc. # 44). Defendant filed an objection to the report and recommendation (doc. # 60), and the government filed a reply (doc. # 61).

**I.  Background**

On or about July 9, 2011, Las Vegas police knocked on the door of Helen Robinette ("Robinette") in an attempt to apprehend Rachel Loyd ("Loyd"), the girlfriend of Robinette's son, defendant Ignacio DeAlba ("defendant"). The officers were complying with warrants for her arrest.

Robinette answered the door, and the offices falsely informed her that someone had called 911 from the house. After Robinette invited the officers into the home, only then did they explain the true reasons for their search in pursuit of Loyd.[1] The officers entered the bedroom where Loyd and the defendant were sleeping, and placed Loyd in handcuffs. The officers then ran a records

---

[1] Defendant does not object to the guise under which the officers entered the home.

James C. Mahan
U.S. District Judge

1 check on defendant and found that he had three outstanding warrants, which prompted officers to handcuff defendant as well.

The officers then asked Robinette for consent to search the room in which Loyd and defendant were found sleeping. While Robinette was being asked for consent, defendant yelled to her "mommy, don't do it!" Robinette signed a consent waiver to search the bedroom,[2] but defendant was never asked for his consent. During the search, officers found a gun in a drawer in the bedroom.

Defendant filed a motion to suppress evidence seized during the search of the bedroom. (Doc. # 44). Magistrate Judge Leen, following an evidentiary hearing, denied this motion on the basis that defendant did not object directly to the officers. (Doc. # 53, 16:16-17). Defendant now objects to Magistrate Judge Leen's report and recommendation and seeks to suppress the evidence. (Doc. # 60).

## II. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. LCR IB 3-2. Upon the filing of such objections, the district court must make a de novo determination of those portions of the report to which objections are made. *Id*. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)©; D. Nev. IB 3-2(b).

However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'"). Rather, a hearing is required only when the district court "reject[s] a magistrate judge's credibility findings made after a hearing on the motion to suppress." *United States v. Ridgway*, 300 F.3d 1153, 1154 (9th Cir. 2002).

---

[2] *See* doc. # 49, ex. 2. This consent waiver included language informing Robinette of her right to refuse consent without a search warrant.

## III. Discussion

The court limits its analysis to a de novo review of the portions of the report to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B). Defendant objects on the basis that (1) Robinette's consent was not voluntary, and (2) that Robinette's consent was negated by defendant's objection of "mommy, don't do it!"

In order to claim Fourth Amendment protection, a defendant must show that he had a reasonable expectation of privacy. *United States v. Silva*, 247 F.3d 1051, 1055 (9th Cir. 2001). Defendant must establish that, under the totality of the circumstances, the search or seizure violated this expectation of privacy. *Schneckloth v. Bustamonte*, 412 U.S. 218, 223 (1973).

Here, defendant asserts that he has standing to challenge the search because of his legitimate expectation of privacy. (Doc. # 44). The magistrate judge found that defendant had standing to contest to the search of the room. (Doc. # 53, 9:26-27). Further, the government does not challenge defendant's standing. Therefore, it is established that defendant had a reasonable expectation of privacy, and thus standing, to assert a Fourth Amendment violation.

### A. No voluntary consent

Defendant objects to the voluntariness of Robinette's consent to search defendant's bedroom.

#### 1. Legal Standard

The Fourth Amendment prohibits warrantless entries of a person's home. *Georgia v. Randolph*, 547 U.S. 103, 109 (2006). However, one exception recognizes a search with the voluntary consent of an individual possessing authority. *Randolph*, 547 U.S. at 109 (2006). Whether consent to search is voluntary is determined from the totality of the circumstances. *Schneckloth*, 412 U.S. at 223. The Ninth Circuit has identified five factors a court must consider in determining the voluntariness of a consent to search: "(1) whether [the consenting individual] was in custody; (2) whether the arresting officers had their guns drawn; (3) whether Miranda warnings were given; (4) whether the [consenting individual] was notified that she had a right not to consent; and (5) whether the [consenting individual] had been told a search warrant could be obtained." *United States v. Jones*, 286 F.3d 1146, 1152 (9th Cir. 2002) (citing *United States v. Castillo*, 866 F.2d 1071, 1082

(9th Cir. 1989)).

These factors are guideposts, not a "mechanized formula." *United States v. Patayan-Soriano*, 361 F.3d 494, 502 (9th Cir. 2003). The court must consider all facts under the totality of the circumstances in determining the voluntariness of Robinette's consent to search.

**2.     Application**

Turning to the first factor, Robinette was not in custody when her consent occurred. She was not in handcuffs, and her movements in and out of the house had not been restricted in any way. This factor weighs in favor of voluntariness. Regarding factor two, there is no evidence that the officers drew their weapons at any point during the encounter. This factor also weighs in favor of voluntariness.

Robinette was not given *Miranda* warnings before the consent to search was given. However, Robinette was not under arrest or even in custody that would warrant *Miranda* warnings.

Further, Robinette was informed of her right not to consent, and that she signed a voluntary consent form that made her aware of this right. This factor weighs in favor of voluntariness. Finally, Robinette was told that the officers would obtain a search warrant if she refused to consent.

In weighing these factors, under the totality of the circumstances, the court concludes that Robinette was neither coerced nor under duress by the officers. The court finds Robinette's consent voluntary.

**B.     Consent was negated**

In the event that Robinette's consent was voluntary, defendant objects to the report and recommendation on the basis that Robinette's consent was negated by defendant's objection of "mommy, don't do it!"

Defendant argues that his statement "mommy, don't do it!" constitutes a valid objection to the search. (Doc. # 44). The magistrate judge found that defendant's statement did not negate Robinette's consent because the act of begging his mother not to consent suggested that defendant understood that it was Robinette's decision to make, not his. (Doc. # 53, 16:19-20). Additionally, the magistrate judge suggested that defendant did not address the officers when he objected to the

search; rather he implored only his mother, not to consent. (*Id.* at 16:17-18).

The court agrees with the magistrate's conclusion. Defendant's act of pleading with his mother indicates that he was cognizant of the relationship between him–an adult child residing at his mother's home–and his mother. Even though defendant had standing to contest the search, the officers appropriately obtained Robinette's consent before searching the home. *See United States v. Brown*, 563 F.3d 410, 418 (9th Cir. 2009) (holding that an officer's decision not to seek consent from a co-occupant does not invalidate consent received by the other occupant.). Therefore, the fact that defendant was never asked for consent (doc. # 53), does not affect the validity of Robinette's consent.

In an abundance of caution, however, the court will assume that this statement of "mommy, don't do it!" was directed at the officers. Specifically, the court will analyze whether his objection was sufficient to override Robinette's consent.

The parties and magistrate judge have not cited to any Ninth Circuit or Supreme Court authority[3] regarding the ability of a parent to consent to a search of a child's bedroom, despite the child's objections.[4] Additionally, the court has not found controlling authority on this subject. However, the court looks to sister circuit cases which are persuasive here.

In *United States v. Rith*, the Tenth Circuit upheld a parent's consent for police officers to enter an eighteen year-old son's bedroom, in spite of the son's clear and contemporaneous attempt to revoke consent. 164 F.3d 1323 (10th Cir. 1999). When analyzing the impact of the son's objection, the court took a "practical understanding" approach and looked at the way the parties had access to and shared the property. *Id.* at 1330. The court reasoned that since there was no lock on the door, no payment of rent, and no evidence of an agreement not to enter the bedroom without the son's consent, the court found the parents to have control over the bedroom and thus had authority to consent to the search. *Id.* at 1331.

---

[3] The magistrate judge rejects defendant's argument that *Georgia v. Randolph*, 547 U.S. 103 (2006), compels suppression. *"Randolph* offers little guidance to the specific facts before this court." (Doc. # 53). The magistrate ultimately determined that the facts of the present case are easily distinguishable from the facts in *Randolph*.

[4] The age of the child is not of direct consequence to the instant analysis.

**James C. Mahan
U.S. District Judge**

- 5 -

Further, in *United States v. Ladell*, the court held that a mother had authority to consent to a search of her adult son's bedroom. 127 F.3d 622, 624 (7th Cir. 1998). The son was in custody at the time of his mother's consent. *Id.* at 623. The court noted that relationships which give rise to a presumption of control of property include parent-child relationships. *Id.* at 624; *see also United States v. Robinson*, 999 F. Supp 155, 159 (D. Mass. 1998) ("A familial relationship, such as that of a parent and child or husband and wife, weighs in support of authority to consent.").

Here, defendant was over the age of eighteen at the time of the search. (Doc. # 44, ex. A). In light of the court construing defendant's statement as objecting to the officers' search, the case at bar is comparable to *Rith*. As in *Rith*, defendant objected to the search after the parent had given consent. Similar to *Rith*, there was no lock on the bedroom door, no payment of rent, and no evidence of an agreement of exclusivity of the bedroom. Further, just as in *Ladell*, defendant was also in custody at the time the mother's consent occurred. The parent-child relationship here leads to a presumption of control by Robinette. Additionally, defendant was not a permanent resident, only staying at Robinette's home off-and-on for two weeks prior to the search. (Doc. # 53).

Further, as held by the Ninth Circuit in *Brown*, the absence of the officers asking for defendant's consent does not play a role in determining the validity of Robinette's consent.

Finally, the facts and holding of *Ladell* are consistent with the facts of the present case and the outcome of the report and recommendation (doc. # 53). The court finds these similarities sufficiently persuasive to warrant adoption of the magistrate's conclusion. Thus, given the facts presented here and their relation to the relevant case law, the court finds that Robinette had authority to give voluntary consent to the search of the bedroom and that defendant's objections did not override her consent.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Leen (doc. # 53) be, and the same hereby is, ADOPTED to the extent that it is not inconsistent with this order.

IT IS FURTHER ORDERED that defendant Ignacio DeAlba's motion to suppress (doc. # 44) be, and the same hereby is, DENIED.

DATED July 1, 2013.

_____
UNITED STATES DISTRICT JUDGE